Therefore, the Motion to Suppress shall be sustained.

James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Evelyn G. TIPPETT, Defendant.

Civ. A. No. 1281.

United States District Court
W. D. North Carolina,
Charlotte Division.

June 25, 1958.

**8**

Stuart Rothman, Solicitor, Washington, D. C., Beverley R. Worrell, Regional Attorney, Birmingham, Ala., M. J. Parmenter, Attorney, Atlanta, Ga., William Fauver, Attorney, Birmingham, Ala., United States Department of Labor, for plaintiff.

Blakeney & Alexander, Ernest W. Machen, Jr., Charlotte, N. C., for defendant.

WARLICK, District Judge.

Plaintiff brought this action to recover from the defendant unpaid minimum wages due her employees, William Paul Burnette and Bobby Oliver and unpaid minimum wages and unpaid overtime compensation due her employee, Floyd William Jordan, under the provisions of the Fair Labor Standards Act of 1938, Title 29, U.S.C.A. § 201 et seq., hereinafter referred to as the Act.

The Complaint and Answer having been filed and defendant having moved to dismiss on the ground that said cause involves an issue of law which has not been settled finally by the Courts, and the plaintiff and the defendant having appeared by counsel, and the court having heard this cause and having considered the evidence, the Stipulation of counsel, and admissions of defendant under Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and being otherwise sufficiently advised makes the following Findings of Fact and Conclusions of Law:

Findings of Fact:

This action was brought by James P. Mitchell, Secretary of Labor, United States Department of Labor, to recover from the defendant, Evelyn G. Tippett, unpaid minimum wages due to William Paul Burnette and Bobby Oliver, and unpaid minimum wages and unpaid overtime compensation due to Floyd William Jordan, under the provisions of the Fair Labor Standards Act.

William Paul Burnette, Floyd William Jordan, and Bobby Oliver, prior to the institution of this action, filed written Requests with the Secretary of Labor, United States Department of Labor, claiming unpaid compensation under the monetary provisions of the Act, and requested that an action for the recovery thereof be brought.

The defendant, Evelyn G. Tippett, resides in Mecklenburg County, North Carolina, within the jurisdiction of this Court, and during the period embraced by the Complaint was the sole owner and operator of an establishment located at 213 Poplar Street, Charlotte, North Carolina, where she was engaged in business under the trade names of Piedmont Printing Company and Charlotte Check Imprinting Company. She employed a number of employees in said establishment in handling, working on, printing and imprinting, selling and distributing a miscellany of commercial business forms and commercial bank check forms, the bulk of her business consisting in the imprinting of the names and addresses of depositors, and sometimes other information or data on the last mentioned items by various of her employees.

During the periods covered by the Complaint employees of defendant each week, sometimes several times a day, made delivery of substantial amounts of commercial bank check forms which had been handled, worked on, and imprinted by her employees to a number of banking institutions located in the State of North Carolina, and were subsequently furnished, delivered, or sold by the said banking institutions to their depositors or customers for whom they were intended. At times defendant's employees delivered such goods directly to the depositor or customer of the banking institutions. Approximately five per cent of such commercial bank check forms were regularly mailed, transmitted and sent by defendant from her establishment in Charlotte, North Carolina, to destinations in other states.

Customers or depositors of the several banking institutions located in the State of North Carolina and referred to in the foregoing paragraph during the periods covered by the Complaint and thereafter regularly and recurrently each week after

completing and signing them mailed or otherwise transmitted in significant and substantial numbers the aforementioned commercial bank check forms to various points outside the State of North Carolina for the payment of obligations or otherwise in connection with the conduct of their several businesses.

A substantial number of the bank depositors or customers referred to herein, during the periods covered by the Complaint, were engaged in commerce or in the production of goods for commerce. Those engaged in commerce regularly either received goods in substantial quantities from points outside North Carolina or regularly delivered, shipped or transported goods in substantial quantities to destinations in other states, or both. Those engaged in the production of goods for commerce regularly delivered, shipped or transported substantial portions of the goods so produced to destinations outside North Carolina.

The commercial bank check forms aforementioned were used by said bank customers or depositors in connection with the normal course of their interstate activities.

The defendant knew or had reason to believe or expect that substantial and significant numbers of the commercial bank check forms worked on, handled, or imprinted by her employees were or would be mailed or otherwise sent by the aforementioned bank depositors or customers to destinations in other states.

The defendant employed William Paul Burnette for a three week period in April, 1956. This employee's principal activities consisted of the delivery of commercial bank check forms after having been imprinted, worked on, and handled in defendant's establishment to the post office and banking institutions located in Charlotte, North Carolina, and the performance of janitorial duties in and about defendant's place of business. He worked a total of 40 hours during each of said weeks and was paid a salary of $9 per week. He should have been paid a minimum of $40 for each of said three weeks or a total of $120; accordingly, said William Paul Burnette was paid $93 less than required by the provisions of the Fair Labor Standards Act for said three week period.

Floyd William Jordan was employed by the defendant from the work week ending July 8, 1955, to that ending June 29, 1956, at the rate of 60¢ an hour and from the work week ending July 6, 1956, to that ending April 26, 1957, at the rate of 65¢ an hour. His principal duty throughout the period aforesaid was the operation of a printing press and the working on, imprinting, and handling of the aforementioned commercial bank check forms. This employee also at times delivered the check forms, aforesaid, to local banks and the local post office for mailing. The difference between what the said Floyd William Jordan was paid for his employment during the period above stated and what he would have received had he been paid in accordance with the minimum wage and overtime compensation provisions of the Fair Labor Standards Act amounts to $1,093.34.

Bobby Oliver was employed by the defendant from the work week ending November 16, 1956, to that ending March 15, 1957, at the rate of 40¢ an hour. He regularly worked a total of 40 hours during each of the work weeks within said period and was paid therefor the sum of $16 per week. During the period stated he engaged in the handling, working on, and imprinting commercial bank check forms, delivering goods of this type to local banking institutions and the local post office and in the performance of janitorial services. The difference between what Bobby Oliver was paid for his employment during the period above stated and what he would have received had he been paid in accordance with the minimum wage requirements of the Fair Labor Standards Act is $432.

Conclusions of Law:

Jurisdiction of this action is conferred upon the Court by Section 16(c) of the Fair Labor Standards Act (Title 29, U.S.C.A. § 216(c)).

**10**

This action does not involve any issue of law which has not been settled finally by the Courts.

During the periods involved in plaintiff's Complaint defendant was engaged in the production of goods for commerce within the meaning of the Fair Labor Standards Act.

William Paul Burnette during three weeks in April of 1956 was employed by the defendant in the production of goods for commerce within the meaning of the Fair Labor Standards Act.

During the period from the work week ending July 8, 1955, to that ending April 26, 1957, Floyd William Jordan was employed by the defendant in the production of goods for commerce within the meaning of the Fair Labor Standards Act.

During the period from the work week ending November 16, 1956, to that ending March 15, 1957, Bobby Oliver was employed by the defendant in the production of goods for commerce within the meaning of the Fair Labor Standards Act.

Plaintiff, James P. Mitchell, is entitled to recover from the defendant the sum of $1,618.34.

Judgment will be entered accordingly.